IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

TAMMY L. SELAK and
ROBERT T. SELAK,

    Plaintiffs,

v.                                                 Civil Action No. 5:08CV147
                                                              (STAMP)
MATTHEW ALLEN McCOLLUM,,

    Defendant.

**MEMORANDUM OPINION AND ORDER
GRANTING PLAINTIFFS' MOTION TO REMAND**

I. Background

The above-styled civil action is a personal injury suit arising out of a collision between motor vehicles driven by the defendant, Matthew Allen McCollum ("McCollum") and plaintiff Tammy L. Selak ("Selak"). On August 14, 2008, the plaintiffs filed a complaint against McCollum in the Circuit Court of Ohio County, West Virginia. The plaintiffs allege that McCollum was carelessly, negligently, and recklessly operating his motor vehicle which caused the collision resulting in physical and psychological injury to Selak. The complaint seeks unspecified damages for Selak's injuries, past and future medical expenses, and lost earning capacity; for plaintiff Robert T. Selak's ("Robert Selak") loss of his wife's consortium; and for both plaintiffs' annoyance and loss of use of their vehicle.

McCollum removed the action to this Court on the basis of diversity jurisdiction pursuant to 28 U.S.C. § 1332(a).

Thereafter, the plaintiffs filed a motion to remand to which the defendants responded and the plaintiffs replied.

This Court has considered the motion to remand and the response and reply thereto and concludes that because the defendants have failed to establish that the amount in controversy meets the jurisdictional threshold, subject matter jurisdiction is lacking in this case, and therefore, the plaintiff's motion to remand must be granted.

## II. Legal Standard

When a defendant seeks to remove a case from state court to a federal district court pursuant to 28 U.S.C. § 1441(a), the federal court must be able to exercise original jurisdiction over the matter. See 28 U.S.C. § 1441(a)(1). Under 28 U.S.C. § 1332(a), the federal district courts have original jurisdiction over cases between citizens of different states where the amount in controversy exceeds $75,000.00, exclusive of interest and costs. See 28 U.S.C. § 1332(a).

A defendant wishing to remove a case to federal court based upon § 1332 must offer "competent proof" that the jurisdictional requirements are met. See Chase v. Shop 'N Save Warehouse Foods, 110 F.3d 424, 427 (7th Cir. 1997). This proof must be by a preponderance of the evidence. See, e.g., Singer v. State Farm Mut. Auto. Ins., 116 F.3d 373, 377 (9th Cir. 1997). "To satisfy this burden, a defendant must offer more than a bare allegation

that the amount in controversy exceeds $75,000.00." <u>Sayre v. Potts</u>, 32 F. Supp. 2d 881, 886 (S.D. W. Va. 1999). If federal jurisdiction is doubtful, remand is necessary. <u>See</u> <u>Mulcahey v. Columbia Organic Chem. Co., Inc.</u>, 29 F.3d 148, 151 (4th Cir. 1994).

Although courts strictly construe the statute granting removal jurisdiction, <u>see</u> <u>Doe v. Allied Signal, Inc</u>., 95 F.2d 908, 911 (7th Cir. 1993), the court is not required "to leave common sense behind" when determining the amount in controversy. <u>Mullens v. Harry's Mobile Homes</u>, 861 F. Supp. 22, 24 (S.D. W. Va. 1994). When the amount in controversy is not apparent on the face of the plaintiff's complaint, the federal court must attempt to ascertain the amount in controversy by considering the plaintiff's cause of action as alleged in the complaint and any amendments thereto, the notice of removal filed with a federal court, and other relevant materials in the record. <u>See</u> 14C Charles Allen Wright & Arthur R. Miller, <u>Federal Practice and Procedure</u> § 3725 at 73 (3d ed. 1998). However, the court is limited to examining only evidence that was available at the moment the petition for removal was filed. <u>See</u> <u>Chase</u>, 110 F.3d at 428.

The Supreme Court of Appeals of West Virginia has stated that "the value of a lawsuit is not determined definitively by the <u>ad damnum</u> clause." <u>State ex rel. Strickland v. Daniels</u>, 318 S.E.2d 627, 631 (W. Va. 1984). The <u>ad damnum</u> clause is only an estimate of the relief to which the plaintiff is entitled, and "the

3

[p]laintiff is not restricted or bound by the relief requested." Gillespie v. Brewer, 602 F. Supp. 218, 223 (N.D. W. Va. 1985). Further, Federal Rule of Civil Procedure 54(c) states: "[E]very final judgment shall grant the relief to which the party in whose favor it is rendered is entitled, even if the party has not demanded such relief in the party's pleadings."

Under West Virginia law, a good faith claim for punitive damages may augment compensatory damages in determining the amount in controversy unless it can be said to a legal certainty that plaintiff cannot recover punitive damages in the action. White, 861 F. Supp. at 27; Mullins, 861 F. Supp. at 24. West Virginia allows an award of punitive damages to an insured where the insurer's failure to honor a claim involves a malicious intention to injure or defraud. White, 861 F. Supp. at 27; Mullins, 861 F. Supp. at 24. Thus, where a plaintiff seeks punitive damages for defendant's alleged intentional, willful, and malicious breach of the covenant of good faith and fair dealing, a court may permit punitive damages to be included in the amount in controversy for jurisdictional purposes. See White, 861 F. Supp. at 27. Further, West Virginia courts have upheld punitive damages awards that have been substantially in excess of the compensatory damages recovered in the same action. See id.

III. <u>Discussion</u>

In their motion to remand, the plaintiffs assert that this action must be remanded to state court because the defendant has failed to prove that the amount in controversy in this case is in excess of $75,000.00, exclusive of interests and costs. This Court agrees.

The burden of establishing that the amount in controversy exceeds $75,000.00, exclusive of interests and costs, rests with the party seeking removal. <u>Mulcahey v. Columbia Organic Chems. Co., Inc.</u>, 29 F.3d 148, 151 (4th Cir. 1994). This Court has consistently applied the "preponderance of evidence" standard to determine whether a defendant has met its burden of proving the amount in controversy. When no specific amount of damages is set forth in the complaint, the defendant bears the burden of proving that the claim meets the requisite jurisdictional amount. <u>Mullins v. Harry's Mobile Homes, Inc.</u>, 861 F. Supp. 22, 23 (S.D. W. Va. 1994). In such circumstances, the Court may consider the entire record before it and may conduct its own independent inquiry to determine whether the amount in controversy satisfies the jurisdictional minimum. <u>Id.</u>

In this case, the plaintiffs' complaint does not specify the amount of monetary relief sought. However, as the plaintiffs note, the defendant at one time proposed settling the controversy for $12,622.54. Therefore, for purposes of determining the amount in

controversy, this Court relies upon this figure as a starting point. Although this amount is not dispositive of the value of this civil action, it does provide some indication of the amount of damages involved, which at this time is shown to be far below the jurisdictional minimum.

The defendant argues that it has demonstrated the jurisdictional amount because the claims the plaintiffs assert include compensation for medical expenses, which at the time of remand totaled $4,024.85, and $621.86 in prescription costs, for Selak's injuries, some which the plaintiffs have alleged are permanent. Extrapolating a monthly prescription expense of $155.47 over the actuarially estimated remainder of Selak's life, the defendant estimates that prescription costs alone will be approximately $61,843.98. In addition, the plaintiffs have made claims for annoyance and aggravation due the loss of use of their vehicle, Selak's diminished ability to perform household chores and to lead a normal life and earn money, and Robert Selak's loss of his wife's consortium. The defendant argues that adding the figures above to the claimed but as yet unknown damages sought under these additional claims meets the jurisdictional minimum. Further, the defendant contends that the plaintiff's claim for punitive damages should be considered and that, by applying a single-digit multiplier, the amount of punitive damages could range from $12,622.54 to $113,602.86. The defendant argues that these

figures demonstrate by a preponderance of evidence that the amount in controversy exceeds $75,000.00, exclusive of attorneys' fees, interest, and costs.  Finally, the defendant also points out that the plaintiffs have not claimed or stipulated that they are not seeking damages in excess of $75,000.00 and that the fact that the plaintiffs have served their underinsured motorists' insurance carrier with a copy of the complaint indicates that the amount in dispute exceeds $75,000.00.

After careful consideration of the briefs filed in support and in opposition of the plaintiffs' motion to remand, this Court finds that the defendant has not met its burden of proof with regard to the amount in controversy.  The defendant's removal cannot be based on speculation; rather, it must be based on facts as they existed at the time of removal.  See Varela v. Wal-Mart Stores, East, Inc., 86 F. Supp. 2d 1109, 1112 (D.N.M. 2000).  Extending the given prescription and medical bills over Selak's life expectancy strikes this Court as speculative and does not meet the preponderance of evidence standard.  Likewise, although the plaintiff's complaint includes allegations that the defendant was intoxicated at the time of the collision and that the defendant left the scene of the accident, which might entitle the plaintiff to an award for punitive damages, the mere assertion of a punitive damages claim, without more, does not give rise to federal jurisdiction.  Landmark Corp. v. Apogee Coal Co., 945 F. Supp. 932, 938 (S.D. W. Va. 1996).

As to the defendant's argument that the plaintiffs have not claimed or stipulated that they are not seeking damages in excess of $75,000.00, this Court observes that the plaintiffs are under no obligation to make such claim or stipulation, as the burden is not on the plaintiffs to show that jurisdiction is lacking.  Finally, the defendant's reliance on the plaintiffs' having served their underinsurance carrier with a copy of the complaint as support for the argument that the amount in controversy is met is misplaced.  Under West Virginia law, a plaintiff must notify an insurance carrier of a potential underinsured motorist's claim.  <u>State Auto Mut. Ins. Co. v. Youler</u>, 396 S.E.2d 737, 741-42 (W. Va. 1990).  That the plaintiffs in this action served their underinsurance carrier with a copy of the complaint presents no evidence that the amount in controversy exceeds $75,000.00, particularly because in this case, the plaintiffs have never been advised of the defendant's insurance policy limits.  Given the record presently before this Court, the defendant has offered no competent proof or tangible evidence that the amount in controversy exceeds $75,000.00.

Considering all of the evidence, this Court finds that the defendant has not shown by a preponderance of the evidence that the plaintiffs will recover damages in excess of the jurisdictional minimum.  Therefore, the plaintiffs' motion to remand must be granted.  Nothing prevents the defendant from filing a second

notice of removal upon receipt of an amended complaint or some "other paper" from which it may first be ascertained that the case is one which has become removable, assuming that more than one year has not passed since the commencement of the action. 28 U.S.C. § 1446(b).

## IV. Conclusion

For the reasons stated above, the plaintiff's motion to remand is hereby GRANTED. It is ORDERED that this case be REMANDED to the Circuit Court of Ohio County, West Virginia. It is further ORDERED that this case be DISMISSED and STRICKEN from the active docket of this Court.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to counsel of record herein and to the Clerk of the Circuit Court of Ohio County, West Virginia. Pursuant to Federal Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

DATED: December 11, 2008

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE